991 So.2d 497 (2008)
Johnny MONTANEZ
v.
BAYOU INSULATION & GARAGE DOORS.
No. 2007 CA 1988.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
Joseph H. Jolissaint, Baton Rouge, LA, for Plaintiff-Appellant, Johnny Montanez.
Stephen W. Brooks, Jr., Richard J. Voelker, Covington, LA, for Defendant-Appellee, Bayou Insulation & Garage Doors.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
Claimant-appellant Johnny Montanez contends he sustained severe and disabling injuries when he fell from a scaffold while in the course and scope of his employment with employer-appellee Bayou Insulation and Garage Doors, LLC. ("Bayou Insulation") on December 1, 2005. Specifically, Mr. Montanez alleged that while installing insulation on a private residence, he and his co-workers elected to eat their lunch on a two-level scaffold placed on the premises by a contractor who was applying stucco to the home's exterior. At the end of the lunch break, Cayle Bridges, a fellow Bayou Insulation employee, jumped from the second level of the scaffolding to the first. When he did so, one of the boards on the first level snapped, and Mr. Bridges and Mr. Montanez dropped approximately six feet to the ground. Mr. Montanez later admitted that he laughed along with his co-workers at the ridiculous way in which the accident occurred.
Mr. Montanez filed a Disputed Claim for Compensation with the Office of Workers' Compensation on January 17, 2006. Following a hearing on May 10, 2007, the workers' compensation judge ("WCJ") took the matter under advisement pending *498 the submission of post-trial memoranda from the parties. In a judgment rendered on May 30, 2007, the WCJ accepted Bayou Insulation's position and denied Mr. Montanez's claim. This appeal followed.

ISSUES
In connection with his appeal in this matter, Mr. Montanez presents the following issues for review and consideration by this court:
1) Whether or not there is a reasonable factual basis in the record for the WCJ's implicit conclusion that the claimant's "extensive pre-existing back condition" precluded relating his knee injury or the aggravation to the December 1, 2005 scaffold fall;
2) Whether or not the claimant was entitled to his choice of an orthopedic specialist and an award of penalties and attorney fees; and
3) Whether or not the claimant was being paid his correct worker's compensation rate in relation to his true average weekly wage and an award of penalties and attorney fees.

STANDARD OF REVIEW
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. As an appellate court, we cannot set aside the factual findings of the workers' compensation judge unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel its own evaluations and inferences are as reasonable. Id.

ANALYSIS
Upon listening to the testimony and evaluating the evidence, the WCJ stated in its judgment:
The Court finds that, Johnny Montanez had a lengthy and significant prior back medical history, and that his post accident activities raised certain valid questions about the incident of December 1, 2005 and his alleged medical condition as a result thereof: Thus given the totality of evidence, the post accident medical condition with respect to Johnny Montanez's back is not discernibly related to the December 1, 2005 fall from the scaffold board, but the result of his extensive pre-existing back condition.
At the trial of this matter, the parties jointly submitted as exhibits the medical records of Mr. Montanez from Dr. Robin B. Dale and Oschner Medical Center of Baton Rouge, as well as the payroll records of Mr. Montanez from Bayou Insulation. In addition, Bayou Insulation introduced earlier medical records of Mr. Montanez from Lancaster General Hospital in Lancaster, Pennsylvania; medical records of Mr. Montanez from Neurological Associates of Lancaster; *499 medical records of Mr. Montanez from Dr. Robert L. Good and Bareville Medical Associates of Leola, Pennsylvania; medical records of Mr. Montanez from Dr. James Carson and Orthopedic Associates of Lancaster, Pennsylvania; medical records of Mr. Montanez from Dr. Marc P. Oliveri and Orthopedic Consultants of Lancaster, Pennsylvania; medical records of Mr. Montanez from Lancaster Neuroscience & Spine Associates of Lancaster, Pennsylvania; treatment records of Mr. Montanez from Kauffman-Gamber Physical Therapy of Lancaster, Pennsylvania; and finally, medical records of Mr. Montanez from Dr. Maria Hurtz and Center City Family Health of Lancaster, Pennsylvania.
A review of the prior medical records of Mr. Montanez indicates that prior to his fall while working for Bayou Insulators on December 1, 2005, Mr. Montanez had a history of serious back problems and underwent three separate back surgeries dating back to 1996. Mr. Montanez's previous treating physicians had repeatedly recommended that he be restricted to light duty work, and Mr. Montanez previously qualified for disability.
At the trial of this matter, Mr. Montanez presented only fact witnesses and did not offer any medical testimony. Thus, the record is devoid of medical evidence to support the conclusion that Mr. Montanez's current medical problems are connected to the December 1, 2005 incident.
In his brief to this court, Mr. Montanez attempts to excuse the lack of medical evidence by arguing that he was unable to present medical evidence of his knee injury or aggravated back problems because Bayou Insulators would not approve an MRI or orthopedic referral. Mr. Montanez further suggests that a maximum assessment of penalties and attorney fees is warranted in this case.
Bayou Insulators cites Pardee v. Forest Haven Nursing Home, 42,321, p. 8 (La. App. 2 Cir. 6/20/07), 960 So.2d 1216, 1222, for the proposition that an employer is not required to provide an employee with any physician or pay any medical bill or authorize any diagnostic test, until the employee provides credible evidence that he suffered an on the job injury and that the medical test or treatment he seeks is reasonably necessary for the diagnosis and treatment of the injury that he suffered.
Bayou Insulators asserts that the evidence overwhelmingly supports the conclusion that Mr. Montanez was untruthful concerning his true medical history, and that any injury allegedly suffered by Mr. Montanez had fully resolved within a few weeks following the accident. Bayou Insulators further asserts that there is no basis to conclude that Mr. Montanez required further diagnosis or treatment and that it had no obligation to authorize or pay for Mr. Montanez to see an orthopedist.
If Mr. Montanez truly desired an orthopedic evaluation prior to the trial of this matter. Bayou Insulators argues that he had several options available to him. Bayou Insulators points out that Mr. Montanez could have used Medicaid to pay for an orthopedic consult based upon his admission that he was eligible and receiving medical care under the Medicaid program. Additionally, Bayou Insulators points out that pursuant to La. R.S. 23:1310.3, an injured employee can request mediation after filing a claim for benefits; apply for the appointment of an independent physician pursuant to La. R.S. 23:1123; or obtain an expedited summary hearing to enforce his right to select a physician of his choice pursuant to La. R.S. 23:1121(B). Bayou Insulators denies that it is responsible for Mr. Montanez's failure to develop and present medical evidence in this case.
*500 Bayou Insulators further states that because the claim by Mr. Montanez is unsubstantiated and because it reasonably controverted Mr. Montanez's claim, there is no basis for awarding penalties or attorney fees to Mr. Montanez. In support of this point, Bayou Insulators cites Brown v. Texas-La Cartage, Inc., 98-1063, pp. 9-10 (La.12/1/98), 721 So.2d 885, 890.

CONCLUSION
After a review of the record and consideration of the evidence presented, we find no manifest error in the WCJ's finding that Mr. Montanez was not a credible witness at trial and failed to sufficiently establish that his current complaints are related to his work accident of December 1, 2005. Accordingly, we affirm the WCJ's dismissal with prejudice of the claim filed by Mr. Montanez, and issue this memorandum opinion in compliance with Uniform Rules  Courts of Appeal, Rule 2-16.1 B. All costs associated with this appeal shall be assessed to claimant-appellant, Johnny Montanez.
AFFIRMED.